1  IRV M. GROSS (State Bar No. 53659)
   NATELLA ROYZMAN (State Bar No. 245852)
2  ROBINSON, DIAMANT & WOLKOWITZ
   A Professional Corporation
3  1888 Century Park East, Suite 1500
   Los Angeles, California 90067
4  Telephone:   (310) 277-7400
   Telecopier:  (310) 277-7584
5
   Attorneys for Helen R. Frazer,
6  Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT
               CENTRAL DISTRICT OF CALIFORNIA
9                  LOS ANGELES DIVISION

10

11  In re                              Case No. 2:07-bk-15990-AA

12  RIDDLE PRODUCTIONS, INC.,          Chapter 7

13          Debtor.

14  ────────────────────────────

15  HELEN R. FRAZER, Chapter 7        Adv. No. 2:09-ap-_____-AA
    Trustee,
16
                                      **COMPLAINT FOR AVOIDANCE AND**
17          Plaintiff,                **RECOVERY OF PREFERENTIAL**
                                      **TRANSFER**
18  v.
                                      [11 U.S.C. §§ 547, 550]
19  MARK DISALVO, an individual,

20          Defendant.
    ────────────────────────────

21

22  **TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY JUDGE:**

23          Plaintiff Helen R. Frazer, the duly appointed and acting

24  Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Riddle

25  Productions, Inc., (the "Debtor" or "Riddle"), respectfully alleges

    as follows:
26
    ///
27
    ///
28

NR/00190626.WPD/CMP/18453.000

## JURISDICTIONAL ALLEGATIONS

1.   This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and 11 U.S.C. §§ 547 and 550, as well as the Local Bankruptcy Rules of the United States Bankruptcy Court and the United States District Court for the Central District of California.

2.   This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (F).

3.   Venue is proper in this Court under 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4.   Trustee is informed and believes and based thereon alleges, that Mark Disalvo ("Defendant") is an individual subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5.   On July 16, 2007, Riddle commenced this bankruptcy case (the "Petition Date") by filing a voluntary petition under chapter 7 of title 11 of the United States Code.  The Trustee was thereafter appointed.

6.   The Trustee is informed and believes and thereupon alleges that Riddle was a Nevada corporation.  The Trustee is informed and believes and thereupon alleges that Riddle was in the business of developing and distributing interactive gaming over the internet.

7.   Plaintiff is informed and believes, and based upon such information and belief alleges, that on or about April 24, 2007, Defendant filed with the California Secretary of State a UCC-1

1   Financing Statement to perfect a security interest over the Debtor's

2   assets (the "Transfer").

3        8.   Plaintiff is informed and believes, and based upon

4   such information and belief alleges, that as of the date the

5   Transfer was made, the Debtor was liable to Defendant for debt owed

6   by the Debtor to Defendant prior to the Transfer in the approximate

7   amount of $200,000 pursuant to a note and security agreement dated

8   June 29, 2006.

9

10                      **FIRST CLAIM FOR RELIEF**

11        [To Avoid Preferential Transfer - 11 U.S.C. § 547(b)]

12        9.   Plaintiff realleges and incorporates herein by

13   reference the allegations set forth above in paragraphs 1 through

14   8 as though fully set forth herein.

15        10.  Plaintiff is informed and believes, and based upon

16   such information and belief alleges, that the Transfer was a

17   transfer of the Debtor's interest in property.

18        11.  Plaintiff is informed and believes, and based upon

19   such information and belief alleges, that the Transfer was made to

20   or for the benefit of Defendant, who was a creditor of the Debtor

21   at the time of the Transfer.

22        12.  Plaintiff is informed and believes, and based upon

23   such information and belief alleges, that the Transfer was made for

24   or on account of an antecedent debt owed by the Debtor to Defendant.

25        13.  Plaintiff is informed and believes, and based upon

26   such information and belief alleges, that the Transfer was made

27   while the Debtor was insolvent.

28   ///

14.  Plaintiff is informed and believes, and based upon such information and belief alleges, that the Transfer was made within ninety (90) days of the Petition Date.

15.  Plaintiff is informed and believes, and based upon such information and belief alleges, that the Transfer enabled Defendant to receive more than he would have received if:

(a)  the case was a case under Chapter 7 of Title 11;

(b)  the Transfer had not been made; and

(c)  Defendant received payment of the debt to the extent provided under Title 11 of the United States Code.

16.  Accordingly, the Transfer may be avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

[To Recover Avoided Transfer - 11 U.S.C. § 550]

17.  Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 16, as though fully set forth herein.

18.  Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant was the initial transferee of the Transfer, or that he was the individual for whose benefit the Transfer was made, or that he was the immediate or mediate transferee of the initial transferee receiving the Transfer.

19.  Pursuant to 11 U.S.C. § 550(a)(1), Plaintiff is entitled to recover the property transferred or the value of the property transferred, for the benefit of the Debtor's estate.

///

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant on all claims for relief as follows:

1.    For a judicial determination avoiding the Transfer and preserving the property transferred for the benefit of the Debtor's bankruptcy estate;

2.    For costs of suit incurred herein; and

3.    For such other and further relief as the Court deems just and proper.

DATED:    January 7, 2009         ROBINSON, DIAMANT & WOLKOWITZ
                                   A Professional Corporation


                                   By:_____
                                          IAN M. GROSS
                                          NATELLA ROYZMAN
                                   Attorneys for Helen R. Frazer
                                          Chapter 7 Trustee

NR/00190626.WPD/CMP/18453.000                    -5-

| Attorney or Party Name, Address, Telephone and Fax Number, and CA State Bar Number | FOR COURT USE ONLY |
|---|---|
| IRV M. GROSS  (SBN 53659)<br>NATELLA ROYZMAN (245852)<br>Robinson, Diamant & Wolkowitz, APC<br>1888 Century Park East, Suite 1500<br>Los Angeles, CA  90067<br>(310) 277-7400<br>Fax No.:  (310) 277-7584<br>Bar No.:<br>*Attorney for Plaintiff*  Helen Frazer, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: RIDDLE PRODUCTIONS, INC., | CHAPTER  7 |
|---|---|
| | CASE NUMBER  2:07-bk-15990-AA |
| Debtor. | ADVERSARY NUMBER 2:09-ap-          AA |
| HELEN RYAN FRAZER, Chapter 7 Trustee,<br><br>vs.                                    Plaintiff(s).<br><br>MARK DISALVO, an individual,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: 1375 | Floor: 13TH |
|---|---|---|---|

|   | |   | |
|---|---|---|---|
| _X_ | **255 East Temple Street, Los Angeles** | ___ | **411 West Fourth Street, Santa Ana** |
| ___ | **21041 Burbank Boulevard, Woodland Hills** | ___ | **1415 State Street, Santa Barbara** |
| ___ | **3420 Twelfth Street, Riverside** | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*

**F 7004-1**

Summons and Notice of Status Conference - Page Two (2)                    **F 7004-1**

| | |
|---|---|
| In re  RIDDLE PRODUCTIONS, INC., | CHAPTER  7 |
| Debtor. | CASE NUMBER 2:07-bk-15990-AA |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1.   I am employed in the County of _____ , State of California.  I am over the age of 18 and
     not a party to the within action.  My business address is as follows:

2.   ____  **Regular Mail Service: On** _____ , I served the foregoing Summons and Notice
     of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding,
     on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope
     with postage thereon fully prepaid in the United States Mail at _____ , California, addressed
     as set forth below.

3.   ____  **Personal Service: On** _____ , personal service of the foregoing Summons and Notice
     of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding,
     was made on the Defendant(s) at the address(es) set forth below.

4.   Defendant(s) and address(es) upon which service was made:

                                                    ____  Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____               _____
Type Name                                       Signature

This form is mandatory.  It has been approved for use by the United States Bankruprtcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                        **F 7004-1**

B104 (FORM 104) (08/07)

<table>
<tr><td colspan="2"><b>ADVERSARY PROCEEDING COVER SHEET</b><br>(Instructions on Reverse)</td><td><b>ADVERSARY PROCEEDING NUMBER</b><br>(Court Use Only)</td></tr>
</table>

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Helen R. Frazer, Chapter 7 Trustee<br>1781 Park Plaza Drive, Suite 200<br>Cerritos, CA 90703 | Mark Disalvo |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| NATELLA ROYZMAN (SBN 245852)<br>Robinson, Diamant & Wolkowitz, APC<br>1888 Century Park East, Suite 1500<br>Los Angeles, CA 90067<br>(310) 277-7400 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ____ Debtor    ____ U.S. Trustee/Bankruptcy Admin<br>____ Creditor  ____ Other<br>_X_ Trustee | ____ Debtor    ____ U.S. Trustee/Bankruptcy Admin<br>____ Creditor  _X_ Other<br>____ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint for Avoidance and Recovery of Preferential Transfer.

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>____ 11-Recovery of money/property – §542 turnover of property<br>_X_ 12-Recovery of money/property – §547 preference<br>____ 13-Recovery of money/property – §548 fraudulent transfer<br>____ 14-Recovery of money/property – other | **FRBP 7001(6) – Dischargeability (continued)**<br>____ 61-Dischargeability – §523(a)(5), domestic support<br>____ 68-Dischargeability – §523(a)(6), willful and malicious injury<br>____ 63-Dischargeability – §523(a)(8), student loan<br>____ 64-Dischargeability – §523(a)(15), divorce or separation obligation<br>     (other than domestic support)<br>____ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>____ 21-Validity, priority or extent of lien or other interest in property | |
| **FRBP 7001(3) – Approval of Sale of Property**<br>____ 31-Approval of sale of property of estate and of a co-owner – §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>____ 71-Injunctive relief – imposition of stay<br>____ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>____ 41-Objection / revocation of discharge – §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>____ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>____ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>____ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>____ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims<br>____ 62-Dischargeability – §523(a)(2), false pretenses, false representation,<br>     actual fraud<br>____ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(10) Determination of Removed Action**<br>____ 01-Determination of removed claim or cause<br>**Other**<br>____ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>____ 02-Other (e.g. other actions that would have been brought in state court<br>     if unrelated to bankruptcy case) |
| ____ Check if this case involves a substantive issue of state law | ____ Check if this is asserted to be a class action under FRCP 23 |
| ____ Check if a jury trial is demanded in complaint | Demand  $ 0.00 |

Other Relief Sought

B104

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RIDDLE PRODUCTIONS, INC. | BANKRUPTCY CASE NO.<br>2:07-bk-15990-AA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Alan M. Ahart |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/S/ NATELLA ROYZMAN | | |
| DATE<br>January 8, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>NATELLA ROYZMAN | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.